

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable G. A. Davis
State Registrar
State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. O-6537
Re:  Proper procedure to be fol-
      lowed by the Texas State Board
      of Health in altering, chang-
      ing or amending birth and
      death certificates (Rule 51-a,
      V. A. C. S., 1925, Art. 4477).

Your recent letter requesting this department's
opinion as to the proper method of the department in comply-
ing with a District Court order changing the name of an in-
dividual on your records. You ask us as to:

". . . how to proceed in complying with this
court order -- (1) Should the surname of the
child Cynthia Rae Werley be stricken from the
birth certificate and the name Cynthia Rae Sawyer
written above it, or if not, (2) should a state-
ment describing the change of name be attached
to this birth record, or (3) if neither method
is proper, advise the State Registrar how to pro-
ceed in complying with the court order."

The statute pertinent to your inquiry as to birth
and death certificate records is as follows:

"That the State Department of Health shall
prepare, print, and supply to all registrars
all blanks and forms used in registering, record-
ing and preserving the returns, or in otherwise
carrying out the purpose of this Act, and each
city and incorporated town shall print and sup-
ply its local registrar, and each county shall
print and supply the County Clerk with permanent
record books, in form approved by the State Regis-
trar, for the recording of all births and deaths

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. A. Davis, Page 2

occurring within their respective jurisdictions.
The State Registrar shall prepare and issue such
detailed instructions as may be required to pro-
cure the uniform observance of its provisions and
the maintenance of a perfect system of registra-
tion; and no other forms shall be used than those
approved by the State Department of Health. He
shall carefully examine the certificates received
monthly from the local registrars, and if any such
are incomplete or unsatisfactory he shall require
such further information to be supplied as may be
necessary to make the record complete and satis-
factory. And all physicians, midwives, informants,
or undertakers, and all other persons having knowl-
edge of the facts, are hereby required to supply,
upon a form provided by the State Department of
Health, or upon the original certificate, such in-
formation as they may possess regarding any birth
or death, upon demand of the State Registrar in
person, by mail, or through the local registrar;
provided, that no certificate of birth or death,
after its acceptance for registration by the local
registrar, and no other record made in pursuance
of this Act, shall be altered or changed in any re-
gard otherwise than by the amendments properly
dated, signed and witnessed. The State Registrar
shall further arrange, bind, and permanently pre-
serve the certificates in a systematic manner, and
shall prepare and maintain a comprehensive index
of all births and deaths registered; said index to
be arranged alphabetically, in the case of deaths,
by the name of decedents, and in the case of births,
by the names of fathers and mothers. * * ** V.A.C.S.,
1925, Article 4477, Rule 51-a. (Underscoring ours).

Our penal statutes provide that records are to be
kept intact and that the altering of the records without au-
thority of law is a criminal offense (P. C. 1925, Art. 1102);
and the statute further declares that the altering of records
or certificates of records to be a forgery (P. C., 1925, Art.
1006). However, Vital Statistic Statutes (Rule 51-a of Arti-
cle 4477) authorize amendments to "certificate of birth or
death, after its acceptance for registration". But in doing
so, the registrar should not interpolate anything not in the
instrument recorded at the time of the original record. The

Honorable W. A. Davis, Page 3

amendment of the record should not be made by erasures and interlineations upon the certificates, but by annexing the amendment, that is the court judgment, to the original certificate, so that the whole matter will appear. (Records, 53 C. J., 619 n. 33; 620 n. 62).

We, therefore, answer your first question "no"; that is, that the child's name should not be stricken from the birth certificate and the new name written in.

We answer your second question in the affirmative and suggest that attached to the original certificate should be a certified copy of the court's order changing the child's name together with a statement in the following or similar form:

"The _____ day of _____, 19____, in Cause No. _____ an order was issued by the District Court of _____ County, Texas, changing the name of _____ to _____.

"This statement and a certified copy of the court's order is attached to the original birth certificate of _____, in compliance with the purpose and order of said court in said cause.

"On this _____ day of _____, 19____.

(Signed) _____
Registrar."

In view of our answer to your second question, it is not necessary for us to answer your third question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

David Wuntch
Assistant

APPROVED MAY 8 1945

FIRST ASSISTANT

DW:mp

